**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

DEANA F.,

      **Plaintiff,**

    v.

                                    **Civil Action 2:25-cv-01121**
                                      **Judge Michael H. Watson**
                                      **Magistrate Judge Kimberly A. Jolson**

COMMISSIONER OF
SOCIAL SECURITY,

      **Defendant.**

## REPORT AND RECOMMENDATION

Plaintiff, Deana F., brings this action under 42 U.S.C. § 405(g) seeking review of a final decision of the Commissioner of Social Security ("Commissioner") denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The Undersigned **RECOMMENDS** that the Court **OVERRULE** Plaintiff's Statement of Errors and **AFFIRM** the Commissioner's decision.

## I. BACKGROUND

On February 10, 2023, Plaintiff filed applications for DIB and SSI alleging disability beginning June 1, 2022, due to uncontrollable vomiting, nausea, stomach pain, and anxiety. (R. at 216–33, 286). After her applications were denied initially and on reconsideration, Administrative Law Judge ("ALJ") Jason P. Tepley held a hearing on September 25, 2024 (*Id.* at 44–69). Ultimately, on October 22, 2024, he found Plaintiff disabled beginning on September 16, 2024, but not prior to that date. (*Id.* at 18–43). The Appeals Council then denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. (*Id.* at 1–6).

Plaintiff filed the instant case seeking a review of the Commissioner's decision on September 28, 2025, (Doc. 1), and the Commissioner filed the administrative record on November 25, 2025, (Doc. 7).  The matter is ripe for review.  (*See* Docs. 12, 14, 15).

### A.      The Administrative Record

In his opinion, the ALJ summarized and evaluated Plaintiff's statements to the agency, hearing testimony, medical records, and symptoms. (R. at 24–31).  The ALJ also summarized and evaluated the medical source opinions and prior administrative medical findings, including those of Aracelis Rivera Castro, Psy.D., and Valerie Budervic, Psy.D.  (*Id.* at 31–34).  Rather than repeat these summaries, the Undersigned will focus on the evidence pertinent to Plaintiff's assigned errors below.

### B.      The ALJ's Decision

The ALJ found that Plaintiff has not engaged in substantial gainful activity since June 1, 2022, the alleged onset date.  (R. at 24).  The ALJ determined that since the alleged onset date of disability, June 1, 2022, Plaintiff has had the following severe impairments: major depressive disorder, generalized anxiety disorder, Irritable Bowel Syndrome, degenerative disc disease, and borderline obesity.  (*Id.*).  Since June 1, 2022, Plaintiff has not had an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.  (*Id.* at 25).

As to Plaintiff's residual functional capacity ("RFC"), since June 1, 2022, the ALJ opined:

> [Plaintiff] has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except: no more than occasionally climb ramps and stairs, or stoop, kneel, crouch, or crawl; never climb ladders, ropes, or scaffolds; no exposure to unprotected heights or moving mechanical parts; no commercial driving; can carry out simple tasks; no work that requires satisfying production quotas or that involves assembly line pace; no more than occasional interaction with coworkers, supervisors, and the general public; and can deal with occasional changes in a routine work setting.

(*Id.* at 27).

The ALJ found that Plaintiff's "statements concerning the intensity, persistence and limiting effects of [her] symptoms are not fully supported . . . ." (*Id.* at 28).  Plaintiff has no past relevant work.  (*Id.* at 34).  Prior to September 16, 2024, the date Plaintiff's age category changed, considering her age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed.  (*Id.*).  Beginning on September 16, 2024, considering Plaintiff's age, education, work experience, and RFC, there are no jobs that exist in significant numbers in the national economy that Plaintiff could perform. (*Id.* at 35).  Plaintiff was not disabled prior to September 16, 2024, but became disabled on that date and has continued to be disabled through the date of this decision.  (*Id.*).  Her disability is expected to last twelve months past the onset date.  (*Id.*).  The ALJ also found that Plaintiff's substance use disorder(s) is not a contributing factor material to the determination of disability. (*Id.*).

## II.    STANDARD OF REVIEW

The Court's review "is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made pursuant to proper legal standards." *Winn v. Comm'r of Soc. Sec.*, 615 F. App'x 315, 320 (6th Cir. 2015); *see* 42 U.S.C. § 405(g).  "[S]ubstantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quoting *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).  If the Commissioner's decision is supported by substantial evidence, it must be affirmed, "even if a reviewing court would decide the matter differently." *Olive v. Comm'r of Soc. Sec.*, No. 3:06 CV 1597, 2007 WL 5403416, at *2 (N.D.

3

Ohio Sept. 19, 2007) (citing 42 U.S.C. § 405(g); *Kinsella v. Schweiker*, 708 F.2d 1058, 1059–60 (6th Cir. 1983)).

## III.    DISCUSSION

Plaintiff challenges the ALJ's exclusion in the RFC of certain social interaction limitations opined by the state agency psychological consultants, Aracelis Rivera Castro, Psy.D. and Valerie Budervic, Psy.D.  (Doc. 12 at 7–11).  The Commissioner counters that the ALJ provided a reasonable explanation for why he did not include additional social limitations in the RFC.  (Doc. 14 at 3–8).  The Undersigned concludes that ALJ's explanation is sufficient.

### A.    Applicable Legal Standard

A plaintiff's RFC "is defined as the most a [plaintiff] can still do despite the physical and mental limitations resulting from [her] impairments." *Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 155 (6th Cir. 2009); *see also* 20 C.F.R. §§ 404.1545(a), 416.945(a).  To that end, an ALJ "is only required to include in the residual functional capacity those limitations he finds credible and supported by the record." *Beckham v. Comm'r of Soc. Sec.*, No. 1:19-cv-576, 2020 WL 5035451, at *7 (S.D. Ohio Aug. 26, 2020) (quoting *Lipanye v. Comm'r of Soc. Sec.*, 802 F. App'x 165, 170 (6th Cir. 2020)).  And an ALJ is not required to adopt a medical opinion verbatim. *See, e.g.*, *Poe*, 342 F. App'x at 157; *Reeves v. Comm'r of Soc. Sec.*, 618 F. App'x 267, 275 (6th Cir. 2015).

The governing regulations describe five different categories of evidence: (1) objective medical evidence, (2) medical opinions, (3) other medical evidence, (4) evidence from nonmedical sources, and (5) prior administrative medical findings.[1]    20 C.F.R. § 404.1513(a)(1)–(5).

---

[1] The regulations define prior administrative findings:

> A prior administrative finding is a finding, other than the ultimate determination about whether you are disabled, about a medical issue made by our Federal and State agency medical and psychological consultants at a prior level of review (see § 416.1400) in your current claim based on their review of the evidence in your case record . . . .

§ 404.1513(a)(2), (5).

4

Regarding two of these categories—medical opinions and prior administrative findings—an ALJ is not required to "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative finding(s) including those from [Plaintiff]'s medical sources."  20 C.F.R. § 404.1520c(a).  Instead, an ALJ must use the following factors when considering medical opinions or administrative findings: (1) "[s]upportability"; (2) "[c]onsistency"; (3) "[r]elationship with [Plaintiff]"; (4) "[s]pecialization"; and (5) other factors, such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of [the SSA's] disability programs policies and evidentiary requirements." § 404.1520c(c)(1)–(5).  Supportability and consistency are the most important of the five factors, and the ALJ must explain how they were considered.  20 C.F.R. § 404.1520c(b)(2).

At bottom the ALJ's role is to articulate how she considered medical opinions and how persuasive she found the medical opinions to be.  *Holston v. Saul*, No. 1:20−CV−1001, 2021 WL 1877173, at *11 (N.D. Ohio Apr. 20, 2021), *report and recommendation adopted*, No. 1:20 CV 1001, 2021 WL 1863256 (N.D. Ohio May 10, 2021).  The role of the Court is not to reweigh the evidence, but to make sure the ALJ considered the proper factors and supported her conclusion with substantial evidence.  *Id.* at *14.

### B.    State Agency Reviewing Psychologists

Dr. Rivera Castro evaluated Plaintiff's mental impairments as part of the initial determination on Plaintiff's claim on September 4, 2023.  (R. at 70–79).  She found Plaintiff has moderate impairments in the areas of interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself.  (*Id.* at 73).  Additionally, Dr. Rivera Castro opined that Plaintiff maintains the mental residual functional capacity to complete 1–4 step tasks without fast-paced production demands.  (*Id.* at 76).  She also opined that Plaintiff is capable of

brief and superficial interactions with others and routine work changes. (*Id.* at 77). Dr. Budervic generally affirmed Dr. Rivera Castro's conclusions on reconsideration, though she opined Plaintiff could complete only 1–2 step tasks without fast production pace. (*Id.* at 94–100).

The ALJ found these opinions persuasive only to the extent they opine no more than moderate psychological limitations:

> The assessments include non-vocationally defined terminology – such as superficial – which significant limits the utility of the findings. As such, the undersigned only finds them persuasive to the extent they opine no more than moderate psychological limitations. That assessment is supported by the consultants' citation to specific evidence of record. Further, it is generally consistent with the overall record. In particular, a greater capacity for interaction is more consistent with the prevalence of objectively normal and silent speech, behavior, eye contact, cooperation, and rapport signs in the examination records. (See e.g. Exhibits 6F/11, 15-16; 7F/266; 9F/5, 14, 21, 23-25, 64-66; 11F/3).

(*Id.* at 32). As noted above, the ALJ crafted Plaintiff's RFC to include limitations to simple tasks; no work which requires satisfying production quotas or performing at assembly line pace; no more than occasional interaction with coworkers, supervisors, and the general public; and only occasional changes in a routine work setting. (*Id.* at 27).

Plaintiff asserts that the ALJ erred by not including in Plaintiff's RFC a limitation to brief and superficial interactions with others. (Doc. 12 at 7–9). Plaintiff argues the ALJ's rejection of the limitation because the phrase is not vocationally defined was insufficient. (*Id.*). She cites several cases that define superficial interaction as related to the quality of a social interaction. (*Id.* (citing *Hummel v. Comm'r of Soc. Sec.*, Case No. 2:18-cv-28, 2020 WL 13572215, at *4 (S.D. Ohio, Mar. 13, 2020) and *Lindsey v. Comm'r of Soc. Sec.*, No. 2:18-cv-18, 2018 WL 6257432, at *4 (S.D. Ohio Nov. 30, 2018))); *but see Mabry-Schlicher v. Comm'r of Soc. Sec.*, No. 24-3811, 2025 WL 1604376 (6th Cir. June 6, 2025) (finding a remand order established that superficial contact is distinguishable from occasional contract and an ALJ errs when she rejects superficial as

6

vocationally undefined or irrelevant for the "law of the case" only).  Further, Plaintiff says the ALJ's subsequent consistency analysis does not justify the exclusion of the limitation—especially in light of the adopted occasional interaction limitation—because the ALJ does not explain how the behaviors in the examination records referenced relate to the social interactions Plaintiff can have.  (Doc. 12 at 9–10; *see also* Doc. 15).

As noted above, in formulating the RFC, an ALJ is not required to adopt a medical opinion verbatim.  *See, e.g.*, *Poe*, 342 F. App'x at 157 ("Although the ALJ may not substitute his opinion for that of a physician, he is not required to recite the medical opinion of a physician verbatim in his residual functional capacity finding."); *Cooper v. Comm'r of Soc. Sec.*, No. 2:18-CV-67, 2018 WL 6287996, at *5 (S.D. Ohio Dec. 3, 2018) ("Certainly, an ALJ is not required to mirror or parrot medical opinions verbatim."), *report and recommendation adopted*, No. 2:18-CV-67, 2019 WL 95496 (S.D. Ohio Jan. 3, 2019).  Nor is an ALJ "obligated to explain each limitation or restriction adopted or not adopted." *Brooke J. v. Comm'r of Soc. Sec.*, No. 2:25-CV-160, 2025 WL 3684280, at *10 (S.D. Ohio Dec. 19, 2025) (citation omitted), *report and recommendation adopted*, No. 2:25-CV-160, 2026 WL 260261 (S.D. Ohio Jan. 30, 2026).  In the end, "[t]he ALJ is not required to describe the claimant's limitations using the exact language of . . . medical sources as long as substantial evidence demonstrates that the ALJ adequately portrayed the claimant's limitations in the RFC." *Aerial T. v. Comm'r of Soc. Sec.*, No. 2:23-CV-04188, 2025 WL 798367, at *3 (S.D. Ohio Mar. 13, 2025) (citation omitted).  "Ultimately, the ALJ must build an accurate and logical bridge between the evidence and his [or her] conclusion." *Davis v. Comm'r of Soc. Sec.*, No. 2:19-CV-265, 2019 WL 5853389, at *5 (S.D. Ohio Nov. 8, 2019) (citation and internal quotation marks omitted).  The Undersigned finds that the ALJ did so here and properly accounted for the state agency reviewers' opinions to the extent he found them persuasive.

Up front, the ALJ correctly catalogued the psychologists' terminology like "superficial" as not vocationally defined.  *See, e.g.*, *Mabry-Schlicher*, 2025 WL 1604376, at *4 (finding superficial contact is not defined in any SSA regulations or guidance); *Stephen D. v. Comm'r of Soc. Sec.*, 734 F. Supp. 3d 729, 742–43 (S.D. Ohio 2024); *Brooke J. v. Comm'r of Soc. Sec.*, No. 2:25-CV-160, 2025 WL 3684280, at *10 (collecting cases); *see also Stoodt v. Comm'r of Soc. Sec.*, No. 3:20-CV-02370, 2022 WL 721455, at *16 (N.D. Ohio Jan. 13, 2022) (noting "brief" is not defined by the SSA), *report and recommendation adopted*, No. 3:20-CV-2370, 2022 WL 716105 (N.D. Ohio Mar. 10, 2022).  Indeed, no Social Security Administration regulation requires an ALJ to analyze superficial interaction limitations in a specific way, nor is the ALJ required to include buzz words like "superficial interactions" in his RFC determination in order to avoid remand.  *See Reeves*, 618 F. App'x at 275; *Andrea B. v. Comm'r of Soc. Sec.*, No. 3:22-CV-055, 2023 WL 128288, at *7–8 (S.D. Ohio Jan. 9, 2023).  Though Plaintiff asserts that courts have assigned and should assign to "superficial" a specific definition, this argument does not undermine that the ALJ clearly provided a reason for rejecting the verbatim limitation.  (R. at 27); *see, e.g.*, *Brooke J.*, 2025 WL 3684280, at *10 (finding a significantly similar explanation met the ALJ's burden of articulation); *cf. also Stephen D.*, 734 F. Supp. 3d at 743 ("[Plaintiff] has tendered no evidence showing that psychological experts understand ['superficial interactions'] to have any particular vocational significance.").  Important here, the Undersigned can adequately trace the ALJ's reasoning.

The ALJ accounted for Plaintiff's moderate social interaction limitations by limiting Plaintiff to occasional interactions with coworkers, supervisors, and the general public.  In similar circumstances, courts have found this type of restriction accomodates a plaintiff's moderate limitation in interacting with others.  *See, e.g.*, *Cummings v. Comm'r of Soc. Sec.*, No. 3:24-CV-

8

01368, 2025 WL 194949, at *13 (N.D. Ohio July 16, 2025); *Bryan v. Comm'r of Soc. Sec.*, No. 2:18-CV-554, 2019 WL 2912089, at *13 (S.D. Ohio July 8, 2019); *cf. Reeves*, 618 Fed. App'x. at 275 (finding no error where a doctor opined the plaintiff was moderately limited in his ability to interact with the public and could relate to a few familiar others on a superficial basis but the ALJ included only a restriction to occasional interaction with the public in the RFC).

Even more, in *Steven D.*, this Court considered an ALJ's adoption of a limitation to occasional interaction in a plaintiff's RFC rather than an opined limitation to superficial interaction. 734 F. Supp.3d at 737–741. The Court concluded that "occasional" did not conflict with "superficial," explaining, "[w]hen a person is limited to engaging in only short and infrequent interactions, that strongly correlates, as a practical matter, with interactions that are superficial, as well. Given the correlation between the two, the ALJ's decision to use 'occasional' instead of 'superficial' as applied to 'interactions' in calculating the mental RFC suggests that no real conflict exists." *Id.* at 738. For this reason, the Court found that the ALJ did not need to explain why he used "occasional" rather than "superficial." *Id.*; *see also Stoodt*, 2022 WL 721455, at *17 (finding a restriction to occasional interactions with others "does not conflict with the psychological consultant's more vague limitation to 'brief' interactions, and thus did not require further explanation under SSR 96-8p."). The Court further found any error to the contrary harmless because the plaintiff did not show that changing occasional to superficial would alter the vocational expert's testimony about jobs in any way. *Steven D.*, 734 F. Supp.3d at 743. So too here the ALJ was not obligated to further explain his use of "occasional." Nor has Plaintiff described why the choice, even if an error, harmed her.

The ALJ further justified his inclusion of the no more than moderate social interaction limitation, explaining that the record reflects Plaintiff has a "greater capacity for interaction,"

consistent with "the prevalence of objectively normal and silent speech, behavior, eye contact, cooperation, and rapport signs in the examination records." (R. at 32 (citing, *e.g.*, R. at 452, 456–57, 755, 1124, 1133, 1140, 1144, 1184); *see also* R. at 26 ((noting that Plaintiff suggested her impairments do not affect her ability to get along with people) (citing R. at 298)), and (quoting an examination that classified Plaintiff as cooperative, polite, friendly, and talkative (citing R. at 438))). While Plaintiff purports that the records cited do not describe her ability to interact with others and points to others that she says do, this argument is merely an impermissible invitation for the Court to reweigh the evidence. *See Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 414 (6th Cir. 2011) ("This court reviews the entire administrative record, but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ."). Instead, the Undersigned finds the ALJ appropriately considered the consistency of the state agency reviewers' opinions against other record evidence. Substantial evidence supports the decision.

All told, the ALJ crafted a logical bridge between the evidence and his conclusion, and the Undersigned can easily follow his reasoning. Substantial evidence supports the ultimate RFC. For these reasons, remand is not appropriate.

## IV. CONCLUSION

Based on the foregoing, the Undersigned **RECOMMENDS** that the Court **AFFIRM** the Commissioner's decision denying benefits.

## V. PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed finding or recommendations to which objection is made, together with supporting

authority for the objection(s).  A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specific proposed findings or recommendations to which objection is made.  Upon proper objection, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a forfeiture of the right to have the district judge review the Report and Recommendation *de novo* and in a forfeiture of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *Berkshire v. Dahl*, 928 F.3d 520, 530–31 (6th Cir. 2019); *see also Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.


Date: May 12, 2026                              *s/ Kimberly A. Jolson*
                                               KIMBERLY A. JOLSON
                                               UNITED STATES MAGISTRATE JUDGE

11