**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**Deana L. F.,**

      **Plaintiff,**

      **v.**

**Commissioner of Social Security,**

      **Defendant.**

**Case No. 2:25-cv-1121**

**Judge Michael H. Watson**

**Magistrate Judge Jolson**

## OPINION AND ORDER

Deana L. F. ("Plaintiff") applied for Disability Insurance Benefits and Supplemental Security Income but was denied initially and on reconsideration. Tr. 70–111, 216–233, ECF No. 7 at PAGEID ## 91–132, 237–54.  She received a hearing by an administrative law judge ("ALJ"), who determined that Plaintiff was not disabled before September 16, 2024, but became disabled on that date (due to the change in her age category on that date).  Tr. 21–36, ECF No. 7 at PAGEID ## 42–57.  The Appeals Council declined to review the ALJ's decision, rendering it the final decision of the Commissioner of Social Security ("Commissioner").  Tr. 1, ECF No. 7 at PAGEID # 22.  Plaintiff thereafter sought review in this Court.  Compl., ECF No. 6.

Plaintiff filed a Statement of Specific Errors, arguing that the ALJ erred by rejecting the opinions of Aracelis Rivera Castro, Psy. D. ("Dr. Castro") and Valerie Budervic, Psy. D. ("Dr. Budervic")—two state agency mental health reviewers who opined that Plaintiff should be limited to "brief" and "superficial interaction"

with others—and instead only limiting Plaintiff to "occasional" interaction with others. Stmt. Specific Errors, ECF No. 12. Specifically, Plaintiff argued that the ALJ erred by concluding: (1) that the term "superficial" was not vocationally defined and therefore of limited value; and (2) that the record did not support limiting Plaintiff to superficial interaction with others. *Id.*

The Magistrate Judge issued a Report and Recommendation ("R&R"), which recommended that the Court overrule Plaintiff's Statement of Specific Errors and affirm the Commissioner's decision. R&R, ECF No. 16. Specifically, the Magistrate Judge concluded that the ALJ correctly determined that the term "superficial" is not vocationally defined. *Id.* at PAGEID # 1346. Next, she concluded that, by noting the limited value of the term due to it being undefined, the ALJ *did* include an explanation for his failure to include that word in the residual functional capacity ("RFC"). *Id.* Finally, the Magistrate Judge concluded that the ALJ's RFC (which, again, limited Plaintiff to only occasional interaction with others) adequately accounted for Plaintiff's moderate social interaction limitations, explained why a further limitation to superficial interaction was not warranted, and was supported by substantial evidence. *Id.* at PAGEID ## 1340–42.

As noted above, Plaintiff objects. Obj, ECF No. 17.

## I. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b)(3), the Court reviews *de novo* those portions of the R&R to which Plaintiff properly objected.

## II.    ANALYSIS

On objection, Plaintiff first argues that the Magistrate Judge mistakenly concluded that the ALJ *adequately incorporated* Drs. Castro and Budervic's "superficial" limitation by limiting Plaintiff to "occasional" interaction with others. Obj., ECF No. 17 at PAGEID ## 1345–46 ("The Magistrate Judge seems to suggest that there is no material difference between 'occasional' and 'superficial' interaction." (citation omitted)). Plaintiff argues that many courts in the Southern District of Ohio have held that "occasional" and "superficial" mean different things—occasional interaction is a limit on the frequency of interactions and superficial interaction is a limit on the quality of the interactions. *Id.* Thus, her first objection concludes, the ALJ did not incorporate the agency reviewers' "superficial" limitation by limiting Plaintiff to only "occasional" interaction, and the Magistrate Judge erred by recommending affirmance on that basis. *Id.* at PAGEID ## 1346–47.

Next, Plaintiff attacks the Magistrate Judge's alternative conclusion that the ALJ's rejection of the need for a superficial limitation was supported by substantial evidence. *Id.* at PAGEID # 1347. She argues that the ALJ's citation to certain record evidence did not demonstrate that Plaintiff could engage in more than superficial interaction with others. *Id.* This is especially true, Plaintiff contends, given that the same evidence the ALJ relied upon to reject a limitation to "superficial" interactions could also support rejecting a limitation on the frequency of social interactions, yet the ALJ did adopt a frequency limitation. *Id.*

The ALJ was internally inconsistent, she implies, in incorporating a frequency limitation but not a superficial limitation where the record evidence required inclusion of either, or exclusion of both. *Id.*

Having performed a *de novo* review, the Court **OVERRULES** the objection.

The state agency mental health reviewer at the initial level, Dr. Castro, opined that Plaintiff had moderate social interaction limitations. Tr. 73, 77, ECF No. 7 at PAGEID # 94, 98. Specifically, she opined that Plaintiff was moderately limited in her abilities to "interact appropriately with the general public," "accept instructions and respond appropriately to criticism from supervisors," and "get along with coworkers or peers without distracting them or exhibiting behavioral extremes[.]" Tr. 77, ECF No. 7 at PAGEID # 98. Dr. Castro opined that Plaintiff was not significantly limited in her abilities to "ask simple questions or request assistance" or "maintain socially appropriate behavior and . . . adhere to basic standards of neatness and cleanliness[.]" *Id.* When asked to explain the moderate limitations in narrative form, Dr. Castro wrote, "[Plaintiff] is capable of brief superficial interactions with others." *Id.*

Dr. Budervic, the state agency mental health reviewer at the reconsideration level, agreed with those aspects of Dr. Castro's opinion. Tr. 99, ECF No. 7 at PAGEID # 120.

The ALJ found Dr. Castro's and Dr. Budervic's opinions persuasive "only" to the extent that those reviewers opined "no more than moderate psychological limitations." Tr. 32, ECF No. 7 at PAGEID # 53. In other words, he necessarily

Case No. 2:25-cv-1121                                    Page 4 of 9

rejected the remainder of their opinions as unpersuasive.  The ALJ found the remainder unpersuasive because he concluded that the reviewers used terminology that was not vocationally defined—like the term "superficial." *Id.* ("As such, the undersigned only finds them persuasive to the extent . . . .") (emphasis added).

It was error, however, for the ALJ to reject the reviewers' opinions that Plaintiff be limited to "brief" or "superficial" interactions because those terms are not defined in the Social Security regulations or guidance.  This Court recognizes, as does Plaintiff, that "Courts are not settled on this issue." *See* Obj., ECF No. 17 at PAGEID # 1345.  But the Undersigned agrees with those judges who have concluded that, at least with respect to the term "superficial," it is capable of being understood and translated into vocational limitations. *E.g.*, *Cotton v. Comm'r of Soc. Sec.*, No. 2:20-cv-5477, 2021 WL 5504551, at *9 (S.D. Ohio Nov. 24, 2021) ("[T]he ALJ's discussion reveals that he failed to consider whether Plaintiff required a superficial interaction limitation given that he erroneously indicated that such a limitation was not 'vocationally relevant' and believed that it was coextensive with an occasional interaction limitation."), *R&R adopted by* 2021 WL 5834441 (S.D. Ohio Dec. 9, 2021); *Hutton v. Comm'r of Soc. Sec.*, No. 2:20-cv-339, 2020 WL 3866855, at *5 (S.D. Ohio July 9, 2020) ("'[S]uperficial interaction' is a well-recognized, work-related limitation."), *R&R adopted by* 2020 WL 4334920 (S.D. Ohio July 28, 2020).  Were this the only reason the ALJ rejected the reviewers' opinions—or had the ALJ attempted to

Case No. 2:25-cv-1121                                                      Page 5 of 9

incorporate the reviewers' opinions by only limiting Plaintiff to occasional interaction—the Court would remand.

But, the ALJ alternatively rejected the opinions that Plaintiff be limited to "brief" and "superficial" interactions on the basis that "a greater capacity for interaction is more consistent with the prevalence of objectively normal and silent[1] speech, behavior, eye contact, cooperation, and rapport signs in the examination record." Tr. 32, ECF No. 7 at PAGEID # 53 (citing Exs. 6F/11, 15–16; 7F/266; 9F/5, 14, 21, 23–25, 64–66).

That conclusion is supported by substantial evidence. For example, the ALJ noted elsewhere in his opinion that, despite Plaintiff's allegation of mood instability, Plaintiff's function report suggests that her mental impairments "have no affect [sic] on her ability to get along with people." Tr. 26, ECF No. 7 at PAGEID # 47 (citing Ex. 5E).

The ALJ also noted that Plaintiff's medical sources typically reported that Plaintiff displayed normal or silent "speech, rapport, behavior, and cooperation[.]" *Id.* (citing Exs. 5F/5; 6F/15, 23; 9F/14, 65); Tr. 29, ECF No. 7 at PAGEID # 50 (noting that Plaintiff's medical sources typically found her "normal (or not abnormal) in areas like alertness, attention, appearance, orientation, behavior, cooperation, rapport, eye contact, speech, attention, concentration, memory, intellect, cognition, thought processes, thought content, insight, and judgment"

---

[1] Silent, here, means "not abnormal."

despite showing signs of anxiety and depression). To that end, the ALJ cited many of Plaintiff's medical records. For example, Plaintiff alleged a disability onset date of June 2022. The ALJ noted, however, that as of August 2022, Plaintiff had "anxiety-type and depression-type" diagnoses but exhibited normal "alertness, cooperation, attention, concentration, thought processes, and thought content" with "no mention of objective signs of forgetfulness or confusion." Tr. 29, ECF No. 7 at PAGEID # 50 (citing Ex. 9F/64–66). Plaintiff complained of anxiety and depression in October 2022 but showed no objective signs of "inattention, confusion, forgetfulness, or the ability to understand medical sources and recall and recount her history when speaking with medical sources and their staff." *Id.* (citing Ex. 9F/54–56). In March 2023, she suffered from depression but likewise showed normal or silent objective examination signs in "mood, affect, orientation, [and] cognition[.]" Tr. 29–30, ECF No. 7 at PAGEID ## 50–51 (citing Ex. 9F/48–50). Again in May 2023, Plaintiff "was reportedly depressed, anxious, and tearful[,]" yet "she was normal on objective examination in areas like appearances, thought processes, thought content, memory, intellect, cognition, and speech. There was no mention of objective inattention signs or of an objective inability . . . to communicate effectively or cooperate with medical sources." Tr. 30, ECF No. 7 at PAGEID # 51 (citing Ex. 10F/4). The ALJ again noted that Plaintiff displayed normal rapport, insight, judgment, "cooperation, speech, thought processes, though content, orientation, and memory, as well as no mention of objective inattention signs, even despite anxiety and depression" in

August 2023. *Id.* (citing Exs. 5F; 10F/21). Plaintiff displayed no abnormal mood, affect, behavior, or attention in December 2023 or January 2024. *Id.* (citing Exs. 7F/266; 6F/11). She was given medication in April 2024 and then showed signs of improvement. *Id.* (citing Exs. 10F/35, 11F/3, 8). In May 2024, during a visit to the emergency room for stomach problems, there was no mention of abnormal inattention or problems with behavior or memory. Tr. 30–31, ECF No. 7 at PAGEID ## 51–52 (citing Ex. 7F/94–96, 99, 101–02, 104, 171). The ALJ also noted that there was no mention of abnormalities in Plaintiff's inattention, mood, or affect in August 2024 notes. Tr. 31, ECF No. 7 at PAGEID # 52 (citing Exs. 9F/5, 14, 21). Disability began in September 2024.

The ALJ concluded that the above normal examination findings were even more noteworthy given that Plaintiff had no inpatient mental health treatment, no consistent outpatient psychiatry or counseling, and continued to self-medicate with marijuana. *E.g.,* Tr. 26, 29, ECF No. 7 at PAGEID # 47, 50.

The above records support the ALJ's conclusion that Plaintiff had a "greater capacity for interaction" than was opined by Drs. Castro and Budervic. Those records show that, though her anxious and depressed state may sometimes make it difficult for her to interact with others, qualitatively, Plaintiff was able to sustain conversations with multiple medical providers and was able to discuss more than superficial matters, when she could interact. The Court thus finds that the ALJ adequately accounted for Plaintiff's moderate social interaction limitations by limiting her to only "occasional" interactions with

coworkers, supervisors, and the general public without further requiring that those occasional interactions also be "brief" and "superficial" because his rejection of those limitations was supported by substantial evidence.

### III.    CONCLUSION

For the above reasons, the Court **OVERRULES** Plaintiff's objections, **ADOPTS** the R&R, **OVERRULES** Plaintiff's Statement of Specific Errors, and **AFFIRMS** the Commissioner's decision.  The Clerk shall enter judgment for Defendant and terminate this case.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**